UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE BAKER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MASHBURN,<br><br>Defendant. | No. 2:19-cv-0527 DB P<br><br><br><br>ORDER |

Plaintiffs Jerry Wayne Baker and Carlos Ramirez, county inmates proceeding pro se, have filed a civil rights action together pursuant to 42 U.S.C. § 1983. (ECF No. 1). No applications to proceed in forma pauperis have been filed. For the reasons stated below, the court shall drop plaintiff Carlos Ramirez from this action. In addition, it shall require plaintiff Jerry Baker either to file an application to proceed in forma pauperis or to pay the appropriate filing fee.

**I.    DISMISSAL OF PLAINTIFF RAMIREZ**

The instant motion lists plaintiff Baker and plaintiff Ramirez as litigants in this action. (See ECF No. 1 at 1). However, a comparison of the sole signature on the complaint with another signature on a document attached to the pleading appears to indicate that only plaintiff Baker has signed the complaint. (Compare ECF No. 1 at 6, with ECF No. 1 at 541).

Every pleading filed with the court must be signed personally by a party if he is unrepresented. See Fed. R. Civ. P. 11(a). By signing the pleading, the party certifies that to the best of his knowledge, the complaint is not being presented for any improper purpose and that the

1

factual contentions have evidentiary support.  See Fed. R. Civ. P. 11(b)(1), (3).  Unsigned pleadings must be stricken unless the omission is promptly corrected.  See Fed. R. Civ. P. 11(a).

A review of the complaint indicates that permitting plaintiff Ramirez to sign the complaint as well will correct the problem on its face.  However, the subsequent result which would allow the plaintiffs to proceed together in a sole action has the potential to generate a host of other complications for these proceedings.  In the court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are incarcerated presents procedural problems that may cause delay and confusion.  Delay can, and often does, result from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals.  Such problems would thwart a prompt resolution of these proceedings.

Furthermore, although it appears from the complaint that both plaintiffs are arguing that their Eighth Amendment rights were violated when defendant Mashburn used excessive force on them while they were handcuffed (see ECF No. 1 at 3), neither plaintiff has stated that the dismissal of the other will either:  (1) affect his ability to protect his interests or increase his obligations because of the interests, or (2) prevent the court from providing complete relief to the remaining party.  See Fed. R. Civ. P 19(a)(1)(A)-(B)(i)(ii) (stating reasons to require party joinder); see, e.g., Sams v. Beech Aircraft Corp., 625 F.2d 273, 276 n.6 (9th Cir. 1990) (considering whether party is indispensable under Rule 19(b) so that party could be dropped pursuant to Rule 21); (see generally ECF No. 1 at 1-6 (showing absence of arguments that either party is indispensable to the other's action)).

Finally, Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party . . . [or] sever any claim against a party." Fed. R. Civ. P. 21 (brackets added).  Accordingly, because plaintiff Baker is the only signatory on the complaint, the court shall drop plaintiff Ramirez from this action, leaving plaintiff Baker as the only plaintiff.  Thereafter, plaintiff Ramirez shall be directed to file his own, separate action if he so chooses, and he shall be solely responsible for its prosecution.

2

## II. FILING OF IN FORMA PAUPERIS APPLICATION OR PAYMENT OF FILING FEE

A review of the docket indicates that plaintiff Baker has not filed an in forma pauperis affidavit with the instant complaint or paid the required filing fee of $350.00 plus the $50.00 administrative fee.[1] See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the required fees totaling $400.00.

Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

In accordance with the above, with respect to plaintiff Carlos Ramirez, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall DROP plaintiff Ramirez as a party in this action pursuant to Federal Rules of Civil Procedure 11, 19 and 21;

2. Plaintiff Ramirez is DISMISSED from this action without prejudice;

3. The Clerk of Court shall send Mr. Ramirez the following forms from this court: (1) a Civil Rights Complaint By A Prisoner, and (2) an Application to Proceed In Forma Pauperis By A Prisoner, and

4. Mr. Ramirez is directed to file his own separate complaint with this court if he so chooses.[2] Should he choose to do so, he shall be solely responsible for its prosecution.

With respect to plaintiff Jerry Baker, IT IS FURTHER ORDERED that:

1. The Clerk of Court shall send plaintiff Baker an Application to Proceed In Forma Pauperis By A Prisoner, and

////

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

[2] Mr. Ramirez's action will be assigned a different case number.

2. Within thirty days from the date of this order, plaintiff Baker shall submit an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the required fees in the amount of $400.00. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: April 9, 2019

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/bake0527.mult.p.drop.3a